UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH RUSSELL, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| CEMEX, INC., CEMEX MANAGEMENT, INC., and CEMEX CONSTRUCTION MATERIALS HOUSTON, LLC d/b/a HOUSTON SHELL and CONCRETE | § § § § § § | |
| Defendants. | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Joseph Russell brings this action individually and on behalf of all current and former Cement Truck Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Cemex, Inc., Cemex Management, Inc., and Cemex Construction Materials Houston, LLC, d/b/a Houston Shell and Concrete (hereinafter collectively referred to as "Defendants" and/or "CEMEX"), during the past three years through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b). (hereinafter "FLSA"). In support of this action, Plaintiffs would respectfully show:

1

# I.
# SUMMARY

1. Plaintiff Joseph Russell ("Plaintiff" or "Plaintiff Russell") has been employed as a non-exempt Cement Truck Driver at Defendants' Holmes Road facility in Houston, Texas since approximately September 2014.

2. Plaintiff Russell brings this action individually and on behalf of all other similarly situated non-exempt Cement Truck Drivers who have been employed by Defendants ("Putative Class Members") throughout the United States, at any time from June 15, 2014 through the final disposition of this matter, and have timely filed consent forms to join this collective action.

3. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

4. Plaintiff and the Putative Class Members contend that Defendants failed to pay overtime in accordance with the FLSA for at least the three-year period preceding the filing of this action and through the final disposition of this matter. Defendants' violations are described below.

5. Defendants violated and continue to violate the FLSA by failing to pay their Cement Truck Drivers, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek.

6. Further, Defendants have improperly calculated Plaintiff's and the Putative Class Members' regular rate resulting in further miscalculation of Plaintiff's and the Putative Class Members'

2

overtime pay. Specifically, Plaintiff and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate.

7. Plaintiff and the Putative Class Members were (and continue to be) paid under a purported piece-rate plan—that is, they were paid for each haul/load made and deposited at Defendants' customer sites.

8. Defendants did not (and still do not) have an agreement, as they must, with Plaintiff and the Putative Class Members that the pay Plaintiff and the Putative Class Members earned at the piece rate amount was intended to compensate them for all hours worked, the productive as well as the nonproductive hours. *See* 29 C.F.R. § 778.318(c); *see also Serrano v. Republic Services, Inc.*, C.A. No. 2:14-cv-77, 2017 WL 25319181 (S.D. Tex. June 12, 2017) (Ramos, J.).

9. Plaintiff and the Putative Class Members spent time on nonproductive tasks for which they were not compensated. Defendants' failure to compensate Plaintiffs for those nonproductive hours artificially deflated Plaintiffs and the Putative Class Members' regular rate of pay and resulting overtime compensation.

## II.
## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Russell is an individual residing in Houston, Harris County, Texas and has worked at Defendants' Holmes Road facility in Houston, Texas within the relevant three-year period. Plaintiff's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

11. The Putative Class Members are all of Defendants' non-exempt current and former Cement Truck Drivers throughout the United States who performed the same or similar work as Plaintiff Russell and were subjected to the same or similar payment policies as Plaintiff Russell during the past three years through the final disposition of this matter, and who filed a consent form to join this collective action.

3

12. Defendant CEMEX, Inc. (hereinafter "CEMEX") is a foreign for-profit corporation organized under the laws of the State of Louisiana. Defendant CEMEX is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members. Defendant CEMEX may be served through its registered agent for service, Corporate Creations Network Inc., 2425 W. Loop South, Suite 200, Houston, Texas 77027.

13. Defendant CEMEX Management, Inc. (hereinafter "CEMEX Mgmt.") is a foreign for-profit corporation organized under the laws of the State of Delaware. On information and belief, Defendant CEMEX Mgmt. is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members. Defendant CEMEX Mgmt. may be served through its registered agent for service, Corporate Creations Network, Inc., 2425 W. Loop South, Suite 200, Houston, Texas 77027.

14. Defendant Cemex Construction Materials Houston, LLC, (hereinafter "Cemex Construction") d/b/a Houston Shell and Concrete, is a foreign for-profit corporation organized under the laws of the State of Delaware. On information and belief, Cemex Construction is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members. Defendant Cemex Construction may be served through its registered agent for service, Corporate Creations Network, Inc., 2425 W. Loop South, Suite 200, Houston, Texas 77027.

15. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges and benefits of conducting business in the State of Texas and have established minimum contacts sufficient to confer jurisdiction over the Defendants. The assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The assumption of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

16. Defendants have had and continue to have continuous and systematic contacts with

the State of Texas sufficient to establish general jurisdiction over Defendants. Specifically, Defendants have conducted and/or continue to conduct business in the State of Texas and the United States by delivering building materials to customers and communities in the State of Texas and throughout the United States.

17. The claims and causes of action asserted in this complaint arise out of or relate to Defendants' contacts with Texas residents, thereby conferring specific jurisdiction over Defendants.

## III.
## SUBJECT MATTER JURISDICTION AND VENUE

18. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

19. Venue is proper in the Southern District of Texas because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the Southern District of Texas.

20. Specifically, Defendants have a regional office located in Harris County, Texas and Plaintiff Russell has resided and worked in Harris County, Texas throughout his employment with Defendants.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

22. At all material times, Defendants have been joint employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

23.. At all material times, each Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

24. At all material times, Plaintiff and the Putative Class Members are (or were) employees

who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

25. At all material times, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

## V.
## STATEMENT OF FACTS

**A.     CEMEX's Corporate Background and Operations Throughout the United States**

25. CEMEX is a global building materials company that provides products and services to customers and communities throughout the Americas, Europe, Africa, the Middle East, and Asia.[1]

26. CEMEX's United States network includes eleven (11) cement plants, forty-three (43) distribution terminals, fifty-seven (57) aggregate quarries and more than 270 ready-mix concrete plants.[2]

27. CEMEX Mgmt., on information and belief, facilitates and assists CEMEX's business activities in the United States, and plays a direct operational role in the day to day business operations.

**B.     Plaintiff and the Putative Class Members are (or were) Cement Truck Drivers for Defendants Throughout the United States**

28. Defendants' Cement Truck Drivers, including Plaintiff and the Putative Class Members, all deliver building materials (aggregate, fly ash, ready mixed and precast concrete products, etc.) to Defendants' customers throughout the United States.

29. Defendants' Cement Truck Drivers are all non-exempt employees under the FLSA.

30. Plaintiff is a non-exempt Cement Truck Driver and has been employed by Defendants at their Holmes Road facility in Houston, Texas since approximately September 2014.

---

[1] *See* http://www.cemexusa.com/AboutUs/AboutCemexUsa.aspx.

[2] *Id.*

6

31. The Putative Class Members are (or were) non-exempt Cement Truck Drivers for Defendants throughout the United States for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

32. None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to Defendants, Plaintiff or the Putative Class Members.

33. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

**C.     Defendants did not (and do not) pay Plaintiffs and the Putative Class Members overtime in accordance with the FLSA.**

34. Plaintiff and the Putative Class Members were (and are) required to work overtime hours when requested by Defendants, and were (and are) subject to potential disciplinary action for refusing to work overtime.

35. Plaintiff and the Putative Class Members regularly worked (or work) over forty (40) hours in a workweek as Cement Truck Drivers.

36. Plaintiff and the Putative Class Members are compensated by Defendants under a purported piece-rate plan wherein they are paid a set amount per load or haul and receive no other forms of compensation. The purported piece-rate plan fails to compensate Plaintiff and the Putative Class Members for their "on-the-clock" non-production time. 29 C.F.R. § 778.111; 29 C.F.R. § 778.318.

37. Defendants did not (and still do not) have an agreement, as they must, with Plaintiff and the Putative Class Members that specifies that Plaintiff and the Putative Class Members' compensation earned at the piece rate amount was intended to compensate them for all hours worked,

the productive as well as the nonproductive hours. *See* 29 C.F.R. § 778.318(c); *see also Serrano,* 2017 WL 25319181.

38. Defendants' calculation of Plaintiff's and the Putative Class Members' regular rate of pay does not comply with the FLSA because it does not include, as part of the calculation of the regular rate, the amount of money owed to Plaintiffs for their "on-the-clock" non-production time.

39. The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime rate.

40. Plaintiff and the Putative Class Members were (and are) entitled to receive time and one-half compensation for all hours worked over 40 hours in a workweek pursuant to Defendants' pay policy.

41. As Defendants' employees, Plaintiff and the Putative Class Members were subjected to (or are subject to) the same or substantially similar payment scheme, as described above.

## VI.
## CAUSE OF ACTION

42. Plaintiff and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of the complaint as though fully and completely set forth herein.

43. Defendants have not maintained accurate compensatory time records for Plaintiff and the Putative Class Members as required by the FLSA. 29 U.S.C. §§ 211(a), 516.2(a)(7).

44. This practice regularly resulted in miscalculation of Plaintiff's and the Putative Class Members' forty (40) hour workweek.

45. Defendants have violated and continue to violate the FLSA by failing to maintain accurate compensatory time records for Plaintiff and the Putative Class Members.

46. Defendants have violated and continue to violate the FLSA by denying Plaintiff and the Putative Class Members correct overtime pay for all hours worked over 40 hours per workweek.

47. Defendants paid Plaintiff and the Putative Class Members pursuant to a method that does not comply with the FLSA because it does not compensate Plaintiff and the Putative Class Members for their "on-the clock" non-production time, which results in a miscalculation of the regular rate and underpayment of time and one-half overtime pay for each hour worked over 40 hours per workweek.

48. Accordingly, Plaintiff and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

49. As set forth below, Plaintiff and the Putative Class Members contend that Defendants' conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

50. Due to the willful nature of Defendants' conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## VII.
## **DEFENDANTS' CONDUCT WAS WILLFUL AND IN BAD FAITH**

51. Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation. 29 U.S.C. § 255(a).

52. Defendants have (and continue to) willfully disregarded the provisions of the FLSA

requiring them to pay Plaintiff and the Putative Class Members time and one and one-half overtime pay for all hours worked over 40 hours per workweek.

53. Defendants knew or should have known that they were miscalculating Plaintiff's and the Putative Class Members' regular rates and that accurate overtime compensation was not being paid to Plaintiff and the Putative Class Members.

54. Defendants knew that their failure to properly pay overtime to Plaintiff and the Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members. Defendants' actions constitute willful violations under the FLSA and were not made in good faith.

55. The decision and practice by Defendants not to pay the correct amount of overtime to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

56. In support of their allegation(s) that Defendants have acted willfully with respect to the FLSA violations complained of herein, Plaintiff and the Putative Class Members would show the following.

57. Defendants are one of the largest building materials companies in the United States as well as abroad and CEMEX is a publicly traded company. Defendants are sophisticated parties and employers with the knowledge and expertise to know that the payment scheme used to compensate their Cement Truck Drivers was (and continues to be) impermissible under the FLSA.

58. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs. 29 U.S.C. § 255(a).

## VIII.
## SIMILARITY OF PLAINTIFF AND PUTATIVE CLASS MEMBERS

59. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

60. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

61. With regard to the FLSA violations asserted in this complaint, Plaintiff's and the Putative Class Members' experiences are typical of all of Defendants' Cement Truck Drivers throughout the United States.

62. Plaintiff and the Putative Class Members throughout the United States are subjected to the same or similar pay schemes created and implemented by Defendants.

63. Specifically, Plaintiff and the Putative Class Members are similarly situated in the following ways: (1) job duties, (2) pay structure, and (3) denial of proper overtime wages.

64. The Putative Class Members are "all current and former Cement Truck Drivers who worked for CEMEX throughout the United States, at any time in the last three years and were paid by the haul and/or load.

65. Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

67. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

68. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar

Cement Truck Drivers entitled to be paid for all hours worked and overtime compensation at the rates required by the FLSA.

70. Defendants employed a substantial number of employees during the past three years. Upon information and belief, these workers are geographically dispersed, residing and working in several locations across the United States where Defendants have ongoing operations.

71. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations of the FLSA.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER CEMENT TRUCK DRIVERS WHO WORKED FOR CEMEX, INC. and/or CEMEX MANAGEMENT, INC. THROUGHOUT THE UNITED STATES, AT ANY TIME IN THE LAST THREE YEARS AND WERE PAID BY THE HAUL AND/OR LOAD.**

## IX.
## RELIEF SOUGHT

74. Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Austin W. Anderson*
    **Austin W. Anderson**
    Federal I.D. No. 777114
    Texas Bar No. 24045189
    austin@a2xlaw.com
    **Clif Alexander**
    Federal I.D. No. 1138436
    Texas Bar No. 24064805
    clif@a2xlaw.com
    **Lauren E. Braddy**
    Federal I.D. No. 1122168
    Texas Bar No. 24071993
    lauren@a2xlaw.com
    819 N. Upper Broadway
    Corpus Christi, Texas 78401
    Telephone: (361) 452-1279
    Facsimile: (361) 452-1284

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**